IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

NATALIE K. LOWE, )
)
    Plaintiff, )
)
vs. ) Case No. CIV-19-384-D
)
UNITED SERVICES AUTOMOBILE )
ASSOCIATION, *et al.*, )
)
    Defendants. )

# **ORDER**

    Before the Court is Plaintiff's Motion to Vacate Dismissal Without Prejudice and Motion for Leave of Court to Respond Out of Time to Defendant's Motion to Dismiss [Doc. No. 9]. Although Plaintiff invokes Fed. R. Civ. P. 60(b), the Motion is not governed by that rule because no judgment has been entered. Plaintiff instead seeks relief from an interlocutory order that the Court may revise at any time before the entry of a final judgment. *See Warren v. Am. Bankers Ins.*, 507 F.3d 1239, 1243 (10th Cir. 2007); *Riggs v. Scrivner, Inc.*, 927 F.2d 1146, 1148 (10th Cir. 1991). Defendant United Services Automobile Association (USAA) has responded [Doc. No. 10] in opposition to the Motion, and Plaintiff has filed a reply brief [Doc. No. 11]. Thus, the Motion is ripe for decision.

    Plaintiff asks the Court to revisit the Order of May 23, 2019 [Doc. No. 8], which dismissed without prejudice the action against Defendant USAA based on the doctrine of fraudulent joinder. The ruling was necessary to preserve diversity jurisdiction because USAA's place of citizenship is not diverse from Plaintiff's Oklahoma citizenship. The

issue was raised by a motion of USAA for dismissal under Rule 12(b)(6), to which Plaintiff failed to respond. Plaintiff also did not move to remand the case to state court, even though Defendant USAA General Indemnity Co. had removed the case based on diversity jurisdiction and allegations of fraudulent joinder. Thus, although the Court declined to deem USAA's motion confessed (because USAA sought a dismissal with prejudice on the merits of Plaintiff's claim against it), the Court observed that Plaintiff apparently agreed with Defendants' position that she lacked a substantial claim against USAA and had fraudulently joined USAA in an effort to defeat diversity jurisdiction. *See* Order at 2.

By the instant Motion, Plaintiff asserts that appearances are deceiving and she fully intended to oppose USAA's motion and to file a motion for remand. Plaintiff explains her silence as a mistake by her counsel and a mis-calendared deadline. Accordingly, Plaintiff asks that the Court both vacate the May 23 Order and authorize her to respond out-of-time to USAA's motion. Plaintiff also states an intention to file a motion to remand, although no filing has been made.

The standard of decision for Plaintiff's Motion seeking relief from the May 23 Order is well-established: "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted); *accord United States v. Christy*, 739 F.3d 534, 539 (10th Cir. 2014). "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have

been raised in prior briefing." *Servants of Paraclete*, 204 F.3d at 1012; *see Christy*, 739 F.3d at 539. Plaintiff's request to extend an expired deadline is governed by Fed. R. Civ. P. 6(b)(1)(B), which authorizes a court to allow untimely filings "if the party failed to act because of excusable neglect." The standard of decision under this rule is also clear:

> A finding of excusable neglect depends on four factors: "[1] the danger of prejudice to the [non-moving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) (citation omitted). The most important factor is the third; an inadequate explanation for delay may, by itself, be sufficient to reject a finding of excusable neglect. *See United States v. Torres*, 372 F.3d 1159, 1163 (10th Cir. 2004).

*Perez v. El Tequila, LLC*, 847 F.3d 1247, 1253 (10th Cir. 2017.

Upon consideration, the Court finds that Plaintiff should be granted relief from the May 23 Order. The Court clearly misapprehended Plaintiff's position by construing her silence as acceptance of USSA's argument that her pleading failed to state a viable claim against it. The Court also finds that the relevant factors for demonstrating excusable neglect weigh in Plaintiff's favor. Plaintiff acted quickly to correct her counsel's error, and presumably, there will be no prejudice to USAA if its motion is fully briefed and decided after consideration of Plaintiff's arguments in support of her claim.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Dismissal Without Prejudice [Doc. No. 9] is GRANTED. The Order of May 23, 2019 [Doc. No. 8] is hereby VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave of Court to Respond Out of Time to Defendant's Motion to Dismiss [Doc. No. 9] is GRANTED to the extent that Plaintiff is authorized to file a response to Defendant USAA's Motion to Dismiss [Doc. No. 6] not later than June 5, 2019.

IT IS SO ORDERED this 31st day of May, 2019.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE