IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| NATALIE K. LOWE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | Case No. CIV-19-384-D |
| UNITED SERVCIES AUTOMOBILE ASSOCIATION, *et al.*, | ) | (District Court of Oklahoma County, Oklahoma, Case No. CJ-2019-1917) |
| Defendants. | ) | |

## **O R D E R**

Before the Court is Plaintiff's Motion for Remand [Doc. No. 14], filed pursuant to 28 U.S.C. § 1447(c), contesting the jurisdictional basis for removal of this state-law case to federal court. Defendant USAA General Indemnity Company ("GIC") has timely opposed the Motion, which is fully briefed and ripe for consideration.[1]

## **Factual and Procedural Background**

Plaintiff brought suit in state court to recover damages for breach of contract and breach of an insurer's duty of good faith and fair dealing after she was denied uninsured/ underinsured motorist benefits for an automobile accident allegedly caused by a nonparty.

---

[1] Two of GIC's arguments merit little discussion. Plaintiff's Motion is not untimely, nor did Plaintiff waive her jurisdictional challenge by filing an earlier motion. *See* Def.'s Resp. Br. [Doc. No. 16] at 6 & n.1. The cited statute, "§ 1447(c) speaks to two bases of remand: (1) those based on a lack of subject-matter jurisdiction, *which have no time limit*, and (2) those based on any defect other than lack of subject matter jurisdiction, which must be filed within 30 days of removal." *City of Albuquerque v. Soto Enter., Inc*., 864 F.3d 1089, 1092 (10th Cir. 2017), *cert. denied sub nom*., 138 S. Ct. 983 (2018) (internal quotation omitted) (emphasis added). Further, "parties cannot waive subject-matter jurisdiction" and "can challenge it at any time prior to final judgment." *Id*. at 1093 (internal quotation omitted).

She sued GIC and Defendant United Services Automobile Association ("USAA"), alleging that they "operate as alter-egos and are engaged in the single enterprise or joint venture of the sale of insurance policies." *See* Pet. [Doc. No. 1-4], ¶ 6. USAA is an unincorporated association with members having the same Oklahoma citizenship as Plaintiff. *See Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844-45 (10th Cir. 1988).

GIC removed the case to federal court based on diversity jurisdiction under 28 U.S.C. § 1332 by alleging that Plaintiff had fraudulently joined USAA to defeat removal so USAA's citizenship should be disregarded. *See* Notice of Removal [Doc. No. 1], ¶¶ 14, 18-24. Specifically, GIC asserted that it was Plaintiff's insurer; that Plaintiff has not alleged the existence of any direct relationship with USAA, which is GIC's parent company; that Plaintiff's allegation of a joint enterprise or venture in the sale of insurance policies has no bearing on Plaintiff's claims, which are not based on the sale of her policy; and that Oklahoma law does not permit an action against a parent company for the acts of a subsidiary until the subsidiary's liability is established and the judgment goes unsatisfied. *See* Okla. Stat. tit. 12, § 682(B). GIC alleged that Plaintiff's petition lacks sufficient facts to state a viable claim against USAA under either a contractual or tort-based theory of recovery and, thus, "USAA should be ignored for purposes of determining diversity of the parties."[2] Notice of Removal, ¶¶ 23, 24.

---

[2] Echoing these arguments, USAA has moved for dismissal under Fed. R. Civ. P. 12(b)(6). *See* Mot. Dismiss [Doc. No. 6]. However, if USAA was fraudulently joined and is disregarded as a party, then the Court has no jurisdiction to resolve the merits of Plaintiff's claims against it. *See Albert v. Smith's Food & Drug Ctrs., Inc.*, 356 F.3d 1242, 1249 (10th Cir. 2004). Also, federal courts must decide jurisdiction as a threshold matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 95 (1998). Thus, Plaintiff's Motion must be resolved first.

Plaintiff asserts in her Motion that she has stated or can state plausible claims against USAA. Plaintiff argues that USAA is a reciprocal insurance exchange that operates and controls GIC and its affiliates, and that GIC's handling of her insurance claim "is the result of a pattern and practice instituted by USAA." *See* Mot. Remand at 3, 6. Plaintiff also contends USAA could be held liable under Oklahoma law in light of circumstances similar to ones found in *Oliver v. Farmers Insurance Group*, 941 P.2d 985 (Okla. 1997). Plaintiff alleges that USAA is an "umbrella entity under which several companies offer insurance, banking, investment and retirement products" and these "companies operating under the USAA umbrella are operated as a single unit." *See* Mot. Remand at 6. She presents "the following facts, which are known at this time," accompanied by exhibits from publicly available sources: USAA maintains one website for all its companies; a person applying for insurance submits a general USAA application form and USAA selects an affiliate to issue the policy; an insured who suffers a loss submits a claim to USAA rather than the issuing affiliate; USAA holds itself out as a diversified company that offers a wide variety of products to its members through its subsidiaries, presenting "them as mere divisions or departments rather than separate entities;" profits from all subsidiaries are shared with USAA's members; and USAA and GIC share common officers, directors, and executives. *See id*. at 6-7.[3]

---

[3] Plaintiff also argues that the statute on which Defendants rely, by its terms, protects only individual officers, directors, and shareholders of corporations. *See* Okla. Stat. tit. 12, § 682(B) ("No suit or claim of any nature shall be brought against any officer, director or shareholder for the debt or liability of a corporation of which he or she is an officer, director or shareholder, until judgment is obtained therefor against the corporation and execution thereon returned

**Standard of Decision**

Subject matter jurisdiction over this case turns on the doctrine of fraudulent joinder. "To establish fraudulent joinder, the removing party must demonstrate either: 1) actual fraud in the pleading of jurisdictional facts, or 2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (internal quotation omitted); *Long v. Halliday*, 768 F. App'x 811, 814 (10th Cir. 2019) (unpublished).[4] GIC relies solely on the second basis. As the removing party, GIC must establish federal jurisdiction. *See McPhail v. Deere & Co.*, 529 F.3d 947, 955 (10th Cir. 2008).

"The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher*, 733 F.3d at 988 (internal quotation omitted); *Long*, 768 F. App'x at 814. In this case, GIC must show "there is no possibility that [Plaintiff] would be able to establish a cause of action against [USAA] in state court." *See Montano v. Allstate Indem.*, No. 99-2225, 2000 WL 525592, *1 (10th Cir. April 14, 2000) (unpublished) (internal quotation omitted). The nonliability of a defendant alleged to be fraudulently joined must be "established with complete certainty." *See Smoot v. Chicago, Rock Island & Pac. R.R. Co.*, 378 F.2d 879,

---

unsatisfied."). Although GIC disagrees with Plaintiff's reading of the statute, the parties agree that § 682(B) applies only to vicarious liability claims. For reasons discussed *infra*, the Court finds that Plaintiff is asserting a direct claim against USAA based on its own conduct, and thus, the Court need not decide the applicability of the statute.

[4] Unpublished opinions are cited in this Order pursuant to Fed. R. App. P. 32.1(a) and 10th Cir. R. 32.1(A).

4

882 (10th Cir. 1967); *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964). "This standard is more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6)." *Montano*, 2000 WL 525592 at *2.

In assessing fraudulent joinder, "the court may pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." *Dodd*, 329 F.2d at 85 (citations omitted); *see Smoot*, 378 F.2d at 881-82 ("it is well settled that upon allegations of fraudulent joinder designed to prevent removal, federal courts may look beyond the pleadings to determine if the joinder, although fair on its face, is a sham or fraudulent device to prevent removal"); *accord Brazell v. Waite*, 525 F. App'x 878, 881 (10th Cir. 2013) (unpublished). "[T]he court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant." *Nerad v. AstraZeneca Pharm., Inc.*, 203 F. App'x 911, 913 (10th Cir. 2006) (unpublished); *see Brazell*, 525 F. App'x at 881 ("In general, the removing party must show that the plaintiff has no cause of action against the fraudulently joined defendant.") (internal quotation omitted).

**Discussion**

Upon consideration, the Court finds that GIC has failed to carry its burden to show that Plaintiff has no possible claim against USAA. To the extent GIC seeks to limit the inquiry solely to Plaintiff's state-court petition, GIC's arguments are inconsistent with the standard of decision, which authorizes the consideration of matters outside the pleadings. As recognized by GIC, the general rule is that a plaintiff cannot raise a new legal theory or make different factual allegations after removal to defeat a claim of fraudulent joinder.

5

*See Smart v. Pohl*, Case No. CIV-14-813-D, Order at 4-5 (W.D. Okla. Oct. 8, 2014) ("post-removal filings may not be considered when or to the extent that they present new causes of action or theories not raised in the controlling petition filed in state court") (internal quotation omitted) (available on Westlaw under an incorrect name, *Smith v. Pohl*, 2014 WL 5039966, at *2).[5] GIC asserts that Plaintiff improperly raises new matters in her Motion that should be disregarded in deciding whether USAA has been fraudulently joined.

The Court finds that GIC gives an overly restrictive reading to Plaintiff's petition and that the general rule does not preclude the arguments presented by Plaintiff in support of her Motion. Plaintiff merely provides more detailed allegations of facts existing at the time of removal that are fully consistent with her asserted theories of recovery against USAA. Plaintiff's pleading was filed in state court, where it was required to satisfy only the notice pleading standard of Okla. Stat. tit. 12, § 2008. In moving for remand, Plaintiff supplies additional facts to support alternative legal theories of either USAA's vicarious liability for GIC's conduct (under *Oliver*) or USAA's direct liability for its own conduct.

Under the latter theory, Plaintiff argues that USAA and GIC may be held jointly liable in tort because they acted together in handling her claim. *See*, *e.g.*, Pl.'s Reply Br. at 7 ("Plaintiff is not bringing a derivative action claim against USAA, but instead asserts USAA directly participated in the conduct constituting insurance bad faith alleged in her Petition."). Plaintiff's pleading arguably supports this theory of liability. She alleges

---

[5] GIC does not indicate in its brief that it is quoting the Court's order in *Smart*; GIC presents the relevant passage as its own argument. Compare Def.'s Resp. Br. at 9 (second full paragraph) with *Smart* [*Smith*], 2014 WL 5039966 at *2.

that USAA and GIC were jointly engaged in selling insurance policies to insureds in Oklahoma and issued her policy, that she timely submitted an insurance claim to USAA and GIC for a covered loss but it was wrongly denied, that "each of them" owed her a duty of good faith and fair dealing in the handling of her claim, and that both breached this duty "by failing to fully and fairly investigate the claim" and "intentionally pre-judg[ing] and/or low-ball[ing] Plaintiff's UM/UIM claim." *See* Pet. [Doc. No. 1-4], ¶¶ 6, 16, 19, 20-23, 25, 28-29. Additional factual allegations to support joint action are provided in Plaintiff's brief, as recited *supra*, including that an insured with a covered loss "submits a claim to USAA, not the issuing affiliate." *See* Mot. Remand at 7. Although Plaintiff's pleading is not a model of clarity and might not state a plausible tort claim under federal pleading standards, the Court cannot say that Plaintiff has no possibility of recovery against USAA. Therefore, GIC's claim of fraudulent joinder fails.

## Conclusion

For these reasons, the Court finds that USAA cannot be disregarded as a party and that complete diversity of citizenship does not exist. Therefore, this Court lacks subject matter jurisdiction, and the case must be remanded pursuant to 28 U.S.C. § 1447(c).

IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand [Doc. No. 7] is GRANTED. This case is remanded to the District Court of Oklahoma County, Oklahoma.

**IT IS SO ORDERED** this 19th day of July 2019.

TIMOTHY D. DeGIUSTI
Chief United States District Judge